UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NANCY WINIARSKI,

          Plaintiff,

v.                                      Case No. 5:07-cv-409-Oc-10GRJ

BROWN & BROWN, INC. a Florida Profit
Corporation d/b/a Brown & Brown Insurance,
BROWN & BROWN OF FLORIDA, INC., a
Florida Profit Corporation d/b/a Brown & Brown
Insurance,

          Defendants.
_____

### ORDER

Pending before the Court is Defendant's Motion To Strike Plaintiff's Jury Demand. (Doc. 6.) Plaintiff has filed a response in opposition with supporting affidavits (Doc. 9) and, therefore, the matter is ripe for review. For the reasons discussed below, Defendant's Motion To Strike Plaintiff's Jury Demand (Doc. 6) is due to be **GRANTED**.

### I. Background

In February of 2003, Plaintiff was hired and began her employment with Brown & Brown at their place of business located in Ocala, Marion County, Florida. Defendants are Florida corporations engaged in the insurance business. On February 11, 2003, Plaintiff entered into an employment agreement with Defendant to be a renewal marketer.[1] Plaintiff resigned on June 29, 2007.[2]

---

[1] Doc. 6, Exhibit A.

[2] Id.

Plaintiff filed the instant lawsuit alleging violations of the Equal Pay Act of 1963, 29 U.S.C. § 206, discrimination on the basis of gender and retaliation.[3] Plaintiff has since amended her Complaint to include violations of Title VII and Chapter 760 of the Florida Statutes for gender discrimination and for retaliation.[4] Plaintiff has requested a trial by jury of all issues so triable by right.

## II. Discussion

Defendants request that the Court strike Plaintiff's jury demand based upon the waiver of jury trial provision contained in paragraph 17 of the employment agreement entered into between Plaintiff and Brown & Brown, Inc.[5] According to Defendants, the waiver was conspicuously set forth, separately enumerated and unambiguous and is enforceable against Plaintiff because the waiver is mutual and because Plaintiff was sufficiently sophisticated, as evidenced by Plaintiff's eight years of experience in the insurance business.

In response, Plaintiff argues that the waiver was not knowingly made because she did not read the entire employment agreement before signing it. Plaintiff suggests that she did not voluntarily sign the agreement but was compelled to hastily review and sign the document as a Human Resources Director stood over her. According to Plaintiff, she did not intelligently waive her right to jury trial because she was not offered the opportunity for consultation with legal counsel or the opportunity to negotiate the terms of the contract. In support of her position Plaintiff offers an affidavit from a former

---

[3] Doc. 1.

[4] Doc. 22.

[5] Doc. 6, Exhibit A.

employee who alleges that Defendant threatened to withhold earnings if a similar agreement was not signed.[6]  Finally, Plaintiff contends that the jury waiver was not in bold print and was contained in a lengthy document that Plaintiff was not given sufficient time to review.

The waiver of jury trial in paragraph 17 of the employment agreement states:

17.    Waiver of Jury Trial.  Employee and Company hereby knowingly, voluntarily and intentionally waive any right either may have to a trial by jury with respect to any litigation related to or arising out of, under or in conjunction with this Agreement, or Employee's employment with the Company.

A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.[7]  The question of whether the right has been waived is governed by federal law[8] and is a question of law for the Court to decide.[9] The factors a court may consider when determining whether a contractual jury trial waiver was entered into knowingly and voluntarily include: (1) the conspicuousness of the waiver provision; (2) the parties relative bargaining power; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were

---

[6]  Doc. 9, Exhibit B, Affidavit of Gary Robles.

[7]  Brookhart v. Janis, 384 U.S. 1, 4-5 (1966).

[8]  Ford v. Citizens and Southern Nat. Bank, Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991).

[9]  Allyn v. Western United Life Assur. Co., 347 F. Supp.2d 1246 (M.D. Fla. 2004)( citing Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, (11th Cir. 1990)).

negotiable.[10] Although the factors play an important role in the Court's decision-making process, they are not determinative.[11] Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy or simply unfair.[12]

Plaintiff suggests that the burden is upon the Defendant to prove that the waiver was knowing and voluntary. Although the circuits are split as to which party has the burden of proving whether a contractual jury trial waiver was knowing and voluntary - and the Eleventh Circuit has not spoken on the issue of which party has the burden - the Court need not decide who is put to the task of carrying the burden because there is more than sufficient information to demonstrate that Plaintiff waived her right to jury trial knowingly, voluntarily, and intelligently.[13]

As a starting point in the analysis the facial appearance of the jury trial waiver fully supports the conclusion that the waiver here is valid. The waiver, as drafted, is mutual and not one-sided and thus applies to both employer and employee. The waiver is written in clear and unambiguous language in 12 pt type and is conspicuously set forth in a separate paragraph with the title "Waiver of Jury Trial" underlined and is located in the third to last paragraph near the end of the document. Thus, the provision

---

[10] Allyn v. Western United Life Assur. Co., 347 F. Supp.2d 1246 (M.D. Fla. 2004); Leasing Service Corp. v. Crane, 804 F.2d 828 (4th Cir. 1986).

[11] Allyn v. Western United Life Assur. Co., 347 F. Supp.2d 1246 (M.D. Fla. 2004).

[12] Pers Travel, Inc. v. Canal Square Associates, 804 A.2d 1108, 1111 (D.C. 2002).

[13] Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appx. 820, (11th Cir. 2006)

as written is more than sufficient to satisfy the requirement that the waiver be conspicuous.[14]

With regard to the sophistication of the parties and their relative bargaining power, while the Defendant is a corporation and the Plaintiff is an individual, the Plaintiff was not a novice in the business world considering her experience and high production as an insurance executive. Initially, Plaintiff was hired as a renewal marketer but within four years was promoted to sales representative and finally, to account executive for inside sales.[15] In December 2004, 2005, and 2006, Plaintiff was the fifth and second place producer respectively of the nine producers in her area.[16] Plaintiff had over eight years of experience in the insurance industry, held insurance certifications and had previous training in business management and supervision.

Further, while Plaintiff was required to sign the employment agreement or she would not have been hired, this fact does not render the relative bargaining power of the parties grossly unequal nor is such a fact evidence that the waiver was made under duress. The mere fact that an employee signs an employment agreement containing a

---

[14] *See,* Kappleman v. Brown & Brown, Inc., 2008 WL 638089 (S.D. Fla. 2008)(interpreting identical wavier language); Allyn, 347 F. Supp.2d 1246 ( finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language.); Murphy v. Cimarron Mortgage Co., 2007 WL 294229 (M.D. Fla. Jan. 29, 2007) (holding jury trial waiver to be conspicuous where it was in its own separate paragraph, was in the same size font as the rest of the document, was located in the last paragraph of a twelve page document, and stated in clear unambiguous language that the plaintiffs were waiving their right to a jury trial.)

[15] Doc. 1 , Plaintiff's Complaint.

[16] Id.

jury trial waiver in a "take it or leave it" situation does not make the waiver unenforceable or unconscionable.[17]

Nor do such circumstances rise to the level of duress. Duress is a defense to an otherwise valid contract.[18]  Duress is characterized as "the taking of undue advantage of the business or financial stress or extreme necessities or weakness of another," as opposed to placing another in a "difficult bargaining position or the pressure of financial circumstances."[19]  Duress is not a valid defense to a contract if the moving party had an alternative to signing the agreement such as to remain in a current position rather than resign.[20]  Accordingly, because Plaintiff had the alternative of signing or not signing the agreement it cannot be said that Plaintiff was compelled or coerced into signing the agreement.

Plaintiff also challenges the enforcement of the jury trial waiver because she did not read the entire employment agreement and represents that she did not know it had a jury trial waiver in the agreement.  This argument fails because Plaintiff is charged with knowledge of the provisions incorporated into the contract she executed and cannot derive legal protection from her unwillingness to read the contract.[21] Indeed, if that was the law a party could simply avoid the terms of a negotiated bargain by alleging that he or she did not read the contract. This argument is different from the argument

---

[17]   Seaboard Lumber Co. v. U.S., 903 F.2d 1560, 1564 (Fed. Cir. 1990).

[18]   Pierce v. Atchison Topeka and Santa Fe Realty Railway Co., 110 F.3d 431, 438 (7th Cir. 1997).

[19]   Merrill Lynch, et. al v. Adcock, 176 F.R.D. 539, 545 (N.D. Ill. 1997).

[20]   Id.

[21]   See, First Union Discount Brokerage Services, Inc. v. Milos, 997 F.2d 835 (11th Cir. 1993).

that a party was denied the right to read the contract. Here, Plaintiff simply avers that she signed the contract with the other employment documents in haste while a representative from Human Resources stood over her. Plaintiff does not, however, offer any evidence that she was denied the ability to read the document, that she required more than the thirty minute time period it took to sign the documents[22] or that she demanded additional time to review the documents but was denied the opportunity to do so.[23] In sum, Plaintiff has failed to offer any information or facts that would suggest coercion. At best, Plaintiff has established that she signed the employment agreement in haste. Haste in reviewing and signing a contract is, however, insufficient to invalidate a contract and insufficient to show that the waiver was not made knowingly and voluntarily.

Plaintiff further contends that her waiver was not knowing and voluntary because she was not offered the opportunity to have legal counsel review the document. However, representation by counsel and evidence of whether a party negotiated the contract are not the essence of an effective release.[24] Most notably, however, Plaintiff has not presented any information suggesting that she wanted to have legal counsel review the agreement or that she requested an opportunity to do so but or was denied the right to consult with an attorney.

---

[22] Doc. 9 Exhibit A, Affidavit of Plaintiff.

[23] Although Plaintiff has submitted an affidavit from Gary Robles (Doc. 9, Ex. B,) a sales representative employed by Defendant in 2005, averring that he was told to sign an employment agreement (with the jury trial waiver) or his check would be withheld, this evidence is irrelevant to this case because Plaintiff signed her employment agreement in 2003 and does not aver that she was told to sign the agreement or her check would be withheld.

[24] See Fortino v. Quasar Co., 950 F.2d 389, 395 (7th Cir. 1991).

Accordingly, based upon the information offered by the parties and taking into account the conspicuous nature of the waiver in the employment agreement, and the circumstances Plaintiff alleges surrounded her execution of the agreement, the Court concludes that there are no facts that call into dispute the knowing and voluntary nature of the waiver that would make enforcement of paragraph 17 of the agreement unfair or contrary to public policy. The waiver of jury trial in paragraph 17 of the employment agreement is, therefore, fully enforceable against the Plaintiff and, thus, Defendant's Motion To Strike Plaintiff's Jury Demand (Doc. 6) is due to be **GRANTED**.  The demands for jury trial by Plaintiff in the Complaint (Doc. 1) and in the Amended Complaint (Doc. 22) are **STRICKEN**.  Because the case will now be tried non-jury, the Clerk is directed to issue an Amended Case Management and Scheduling Order with the same dates but reflecting that the matter is set for a non-jury trial.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on May 1, 2008.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel
Maurya McSheehy, CRD